UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SAIMIR MYFTARI,

                Plaintiff,

        v.

DEPARTMENT OF FINANCE and CITY OF NEW YORK,

                Defendants.

**MEMORANDUM & ORDER**
23-CV-02558 (HG) (RER)

---

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff commenced this lawsuit and simultaneously filed a motion seeking permission to proceed *in forma pauperis* without prepaying any court fees. *See* ECF Nos. 1, 2. For the reasons set forth below, the Court grants Plaintiff's request to proceed *in forma pauperis* but dismisses Plaintiff's complaint for failure to state a claim for municipal liability under 42 U.S.C. § 1983. Plaintiff may file an amended complaint no later than June 23, 2023, or else the Court will direct the Clerk of Court to enter a judgment dismissing Plaintiff's claims with prejudice.

## BACKGROUND

    Plaintiff commenced this case using a pre-printed form complaint that the District makes available to *pro se* litigants. ECF No. 1. Plaintiff identified as Defendants the City of New York and its Department of Finance. *Id.* at 2. Plaintiff did not specify a jurisdictional basis for his claims other than checking a box indicating that he is invoking federal question jurisdiction rather than diversity jurisdiction. *Id.* at 4.

    The entirety of Plaintiff's description of his claim is as follows: "The defendants violated my right to travel, my 4th Amendment, 5th [Amendment] Due Process, [and] 7th A[mendment] rights]. I filed an appeal to challenge the charges and the Appeal Department proceeded without

me in court, they towed my car for no payment. I demanded to see the Judge for these charges." *Id.* at 5. As relief, Plaintiff seeks the "release of [his] car" and asks that "all charges be discharge[d]." *Id.* at 6. Plaintiff has not provided a docket number or another means of identifying the proceeding, "charges," or appeal that he is challenging, and based on the information provided in Plaintiff's complaint, the Court cannot locate a state or local court docket with records that elaborate upon the nature of his claims. *See* ECF No. 1.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Despite this leniency afforded to *pro se* plaintiffs, when a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

2

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Courts must be careful when reviewing complaints submitted by plaintiffs seeking *in forma pauperis* status "not to conflate easy cases with inarguable or fanciful ones, as only the latter warrant dismissal" as frivolous.  *Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022).  The Court therefore may not dismiss a complaint filed by a plaintiff proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e), "simply because the [C]ourt finds the plaintiff's allegations unlikely."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  The Court may, however, dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," and the Court need not restrict itself to facts capable of judicial notice when reaching that conclusion.  *Id.*

## DISCUSSION

Although Plaintiff has not specified a federal cause of action in his complaint, the Court interprets Plaintiff's claims as arising under 42 U.S.C. § 1983 ("Section 1983") because he is alleging constitutional violations committed by municipal actors.  *See Bey v. New York*, No. 22-cv-3408, 2022 WL 16540684, at *2 (E.D.N.Y. Oct. 28, 2022) (interpreting *pro se* plaintiff's complaint as "asserting claims under 42 U.S.C. § 1983" because the complaint "recit[ed]" various "rights arising under federal law" and "nam[ed] as defendants various state and city officials").  "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of state law."  *Filarsky v. Delia*, 566 U.S. 377, 383 (2012).  However, "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Kampfer v. Argotsinger*, 856 F. App'x 331, 333 (2d Cir. 2021).

Although Plaintiff has identified both the City of New York and its Department of Finance as Defendants, the Court interprets the claims as applying only to the City of New York. The New York City Charter states that individual City agencies do not have the capacity to sue or be sued. *See* N.Y. City Charter § 396. When considering Section 1983 claims, courts within the Second Circuit, therefore, deem departments and other subdivisions within the City of New York to be non-suable entities and interpret any such claims to apply to the City instead. *See Rodrigues v. City of New York*, 835 F. App'x 615, 617 (2d Cir. 2020) (construing plaintiff's Section 1983 claims as against the City of New York, based on Section 396 of the City's charter, rather than against City-operated "Family Justice Centers"); *Paige-El v. Herbert*, 735 F. App'x 753, 755 (2d Cir. 2018) (affirming dismissal of Section 1983 claims against the New York City Police Department for the same reason); *Steele v. NYC Bus. Ctrs., Dep't of Fin.*, No. 22-cv-7584, 2022 WL 15523699, at *2 (S.D.N.Y. Oct. 24, 2022) (dismissing Section 1983 claims "against the New York City Department of Finance" because "an agency of the City of New York is not an entity that can be sued").

Plaintiff's claims against the City of New York must be dismissed. A plaintiff asserting a claim pursuant to Section 1983 against a municipality, such as the City of New York, must allege "challenged conduct" that was done "pursuant to official municipal policy or a decision by a municipal policymaker that violates federal law," as required by the U.S. Supreme Court's decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny. *Rodrigues*, 835 F. App'x at 618 (affirming dismissal of municipal liability claim brought by *pro se* plaintiff). Even if a plaintiff alleges that a municipal custom or policy caused purported constitutional violations, "[t]he mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such

an inference." *Cotto v. City of New York*, 803 F. App'x 500, 503 (2d Cir. 2020) (affirming dismissal of municipal liability claim brought by *pro se* plaintiff). Plaintiff's complaint must be dismissed because he does not even allege that a municipal policy existed or played a role in the denial of the constitutional rights that he invokes. *See* ECF No. 1.

Plaintiff also fails to state a claim for municipal liability because his current complaint fails to provide sufficient information to allege a constitutional violation. Plaintiff's complaint does nothing to explain the circumstances under which his car was towed or the ensuing legal proceedings related to his car. *See Carter v. Campanelli*, No. 22-cv-2702, 2022 WL 1667022, at *2 (E.D.N.Y. May 25, 2022) (dismissing, with leave to amend, *pro se* plaintiff's procedural and substantive due process claims related to impoundment of car); *Vasquez v. Yadali*, No. 16-cv-895, 2020 WL 1082786, at *7–8 (S.D.N.Y. Mar. 5, 2020) (dismissing *pro se* plaintiff's claims because although "[t]he impoundment of a vehicle may implicate rights guaranteed by the Fourth Amendment's protection against unreasonable searches and seizures," plaintiff's complaint did "not provide[] sufficient allegations to support a Fourth Amendment claim"); *Bey v. Dist. of Columbia*, No. 17-cv-6203, 2018 WL 5777021, at *6 (E.D.N.Y. Nov. 1, 2018) (holding that "[t]he seizure of [p]laintiff's vehicle alone is insufficient to state a claim for violation of his constitutional right to travel" because "[p]laintiff retained his ability and constitutional right to travel even if inconvenienced by the seizure of his motor vehicle"). Without adequately alleging "any underlying constitutional violation, [Plaintiff] cannot maintain a *Monell* claim." *Malik v. City of New York*, 841 F. App'x 281, 285 (2d Cir. 2021) (affirming dismissal of Section 1983 claims).

Due to Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint that either names individual defendants or attempts to identify a municipal policy or

5

custom that caused the constitutional violations alleged in his complaint. Any new complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. In the amended complaint, Plaintiff should name as defendants individuals with some personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. In addition, Plaintiff should clarify why his car was towed—for example, because of unpaid parking tickets or some other violation—and provide details about any attempts he made to retrieve his vehicle, including any administrative or judicial proceedings that occurred. Plaintiff may attach relevant documents that he received from the City of New York. Plaintiff's amended complaint will completely replace the original complaint, so Plaintiff must repeat in his amended complaint any allegations from his original complaint that he wants to continue to pursue.

## CONCLUSION

For the reasons set forth above, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismisses Plaintiff's complaint for failure to state a claim. Plaintiff may file an amended complaint no later than June 23, 2023. If Plaintiff fails to file an amended complaint by that date or to request an extension in advance of that deadline, the Court will order the Clerk of Court to enter a judgment dismissing Plaintiff's claims with prejudice.

The Court respectfully directs the Clerk of Court to mail Plaintiff a copy of this order and the District's form complaint designed for *pro se* plaintiffs. The Clerk of Court shall also send Plaintiff copies of the unpublished decisions referenced in this order in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                          */s/ Hector Gonzalez*
                                          HECTOR GONZALEZ
                                          United States District Judge

Dated: Brooklyn, New York
         May 24, 2023